Williams, J.,
 

 concurs in the syllabus, but dissents from the judgment of affirmance on authority of
 
 Railway Co.
 
 v.
 
 Schneider,
 
 45 Ohio St., 678, 17 N. E., 321.
 

 In 22 Ruling Case Law, “Railroads,” 1042, Section 275, the following appears: “Some cases seem, from a practical standpoint, to require the same care of a traveler when approaching a crossing where safety gates are up as is required where no gates are maintained, while others hold that the jury may be authorized to find that a traveler was justified in relying exclusively upon the fact that safety gates were open as an indication of safety. By the weight of authority, however, while the fact that the gates are open is an implied invitation to cross, and an assurance of safety from the danger of any passing train, upon which a traveler may, to a certain extent, rely, this fact will not relieve him from the duty of exercising due care, although he is not required to exercise the same vigilance as he would be at a crossing where gates had not been erected and maintained. Whether the traveler exercised the care necessary under the circumstances is for the jury, unless the evidence conclusively shows that he rashly stepped in front of the moving train, or that if he had used his senses he would have avoided injury.”
 

 The subject is covered in Thompson Commentaries on the Law of Negligence, Volume 2, 290, Section 1613: “Many decisions— to use a form of expression which
 
 *391
 
 has come into vogue — concede that the traveller approaching a railway crossing has the right to rely upon the fact that the gate is open, or that the flagman is absent from his post, and to assume from those indications that nó train is approaching and that he may safely proceed to cross; and so where the gates are up, and a flag flying, indicating that a train will stop before reaching the crossing; and so where the traveller, having waited several minutes, starts to cross on the gates being raised. While, as we shall soon see, some courts condone the fault of the railroad company in luring the traveller to his death or injury by deceptive appearances, and visit all the blame on the traveller, yet, even these courts concede that a traveller approaching a crossing guarded by gates, is not required to exercise the same vigilance in looking and listening as when he approaches one not so guarded. One of these courts has made the concession that the question whether he was guilty of contributory negligence in not stopping to look and listen where the gate was open, and other usual signals of approaching trains were not given, becomes a question of fact for a jury. The prevailing opinion possibly is that, while a traveller is not relieved from the duty of exercising care in crossing a railroad track by the fact that the
 
 safety gates are standing open,
 
 such fact is to be considered by the jury in determining whether he exercised due care under the circumstances.”
 

 These authors and compilers cite many cases and if one goes to these original sources of the law he will find ample authority to support the rule laid down in the case of
 
 Railway Co.
 
 v.
 
 Schneider, supra.